UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TINO R. SPEARS, | Case No. 4:22-cv-04523-KAW |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS** |
| v. | |
| CITY OF SAN FRANCISCO, et al., | Re: Dkt. No. 70 |
| Defendants. | |

On December 10, 2025, Defendant City and County of San Francisco filed a motion for judgment on the pleadings on the grounds that the claims in Plaintiff's second amended complaint were barred by the statute of limitations. (Def.'s Mot., Dkt. No. 70.)

Upon review of the moving papers, the Court finds this matter suitable for resolution without oral argument pursuant to Civil Local Rule 7-1(b), and, for the reasons set forth below, GRANTS Defendant's motion for judgment on the pleadings and dismisses the case with prejudice because any amendment would be futile.

## I.   BACKGROUND

### A.   Relevant Factual Background

On January 6, 2022, Plaintiff filed a Government Claim with the San Francisco's City Attorney Office alleging misconduct on behalf of the San Francisco Police Department stemming from an event that occurred in 2007. (Decl. of William M. Layne, "Layne Decl.," Dkt. No. 70-1 ¶ 2, Ex. A.)  On January 19, 2022, the City Attorney's Office mailed correspondence to Plaintiff informing him that his claim was insufficient because the document failed to state a specific date. (Layne Decl. ¶ 3, Ex. B.)  Plaintiff did not respond to the letter, and the City denied Plaintiff's claim on February 4, 2022. (Layne Decl. ¶ 4, Ex. C.)  On August 5, 2022, Plaintiff filed the instant

lawsuit. (*See* Compl., Dkt. No. 1.)

On March 8, 2023, the City was served with summons and Plaintiff's Amended Complaint alleging misconduct on behalf of San Francisco Police Department officers. (*See* Dkt. No. 18.) The parties extensively met and conferred regarding perceived deficiencies in the amended complaint, and Plaintiff filed the operative Second Amended Complaint on May 16, 2025. (*See* Second Am. Compl., "SAC," Dkt. No. 62.)  Therein, Plaintiff alleges two claims: 1) Violation of the Thirteenth Amendment, Slavery; and 2) Slavery, False Arrest, Unlawful Detention, and Kidnapping. Plaintiff has maintained that the conduct leading to the allegations occurred in July 2007. (SAC at p. 3[1].)

### B.    Procedural Background

On December 10, 2025, Defendant City and County of San Francisco[2] filed a motion for judgment on the pleadings. (Def.'s Mot., Dkt. No. 70.)  Plaintiff did not file an opposition, and, on January 5, 2026, the Court issued an order to show cause to Plaintiff. (Dkt. No. 73.)  That same day, Plaintiff filed a response indicating that his untimeliness was due to "severe mental health issues." (Dkt. No. 74 at 2.) Therein, Plaintiff asked for a 60-day extension of time. *Id.* Despite Plaintiff's assertion that this document was an opposition to the pending motion, it was not a meaningful opposition, so the Court construed the filing as seeking an extension of time to file an opposition to the pending motion for judgment on the pleadings. (Dkt. No. 75 at 1.) The Court granted Plaintiff's request for a 60-day extension and ordered that he file an opposition by no later than February 23, 2026. *Id.*  Plaintiff was advised that there would be no further extensions and "that the failure to timely file an opposition by the February 23, 2026 deadline will result in the motion for judgment on the pleadings being granted as unopposed and the case being dismissed with prejudice for failure to prosecute." *Id.* at 2.

On February 24, 2026, Plaintiff filed several documents. While erroneously docketed as a letter, the Court construes Dkt. No. 78 as the opposition to the motion for judgment on the

---

[1] The operative complaint does not provide paragraph numbering for all facts alleged, so all citations will refer to page numbers.
[2] The City and County is the proper defendant, rather than the San Francisco Police Department.

United States District Court
Northern District of California

pleadings. (Pl.'s Opp'n, Dkt. No. 78.)[3] Despite its prior admonition, the Court will accept Plaintiff's opposition filed one day late.  On March 2, 2026, Defendant filed a reply. (Def.'s Reply, Dkt. No. 82.)

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 12(c) allows a party to move for judgment on the pleadings after the pleadings are closed but early enough not to delay trial.  "Judgment on the pleadings is properly granted when there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009).

"[T]he same standard of review applicable to a Rule 12(b) motion applies to its Rule 12(c) analog," because the motions are "functionally identical." *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989). A Rule 12(c) motion may thus be predicated on either (1) the lack of a cognizable legal theory or (2) insufficient facts to support a cognizable legal claim. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). When considering a motion to dismiss under Rule 12(c), the court "must accept all factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009).

In ruling on the motion, the court may consider exhibits attached to the pleadings, *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987), and facts which may be judicially noticed, *Mullis v. United States Bankr. Court*, 828 F.2d 1385, 1388 (9th Cir. 1987).  When a court grants a Rule 12(c) motion, leave to amend should be freely given if it is possible that further factual allegations will cure any defect.  *See Somers v. Apple, Inc.*, 729 F.3d 953, 960 (9th Cir. 2013).

---

[3] The Court notes that Plaintiff is a pro se e-filer. The document filed as an opposition is a handwritten letter explaining why the opposition (Dkt. No. 78) was filed one day late, rather than an opposition to the pending motion. (*See* Dkt. No. 76.)  Moreover, while Dkt. No. 78 was docketed as a motion to amend the complaint, it is an opposition to the pending motion and includes a request for leave to amend, rather than serving as an independent motion for leave to amend the complaint. (*See* Dkt. No. 78.)

### III.    DISCUSSION

Defendant seeks to dismiss the second amended complaint on the grounds that both causes of action are barred by the statute of limitations, and that, additionally, the first cause of action for violation of the Thirteenth Amendment fails to state a claim. (Def.'s Mot. at 7-10.)  Both claims are brought under 42 U.S.C. § 1983.

#### A.    Section 1983 Claims

Defendant argues that both claims are time-barred. (Def.'s Mot. at 7.)  To state a claim under Section 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).  Since both of Plaintiff's claims arise under the Constitution, they must be brought under Section 1983.

Since Section 1983 does not have its own statute of limitations, "the federal courts apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law." *Butler v. Nat'l Cmty. Renaissance of Cal.*, 766 F.3d 1191, 1198 (9th Cir. 2014). Here, the forum state is California, and "California's statute of limitations for personal injury claims is two years." *See id.*

The operative complaint concerns an incident that occurred on July 4, 2007. (SAC at pp. 3, 10.)  The case, however, was not filed until August 5, 2022, which is more than 15 years later.

In opposition, Plaintiff makes new allegations against third-party individuals during that same time frame, so those allegations would be time-barred. (*See* Pl.'s Opp'n at 1-2.)

Thus, the Section 1983 claims are barred by the statute of limitations absent allegations that would provide a basis for tolling.

#### i.    Equitable tolling

Defendant argues that equitable tolling does not apply to the 15-year delay and that Plaintiff's tolling allegations are conclusory and legally insufficient. (Def.'s Mot. at 8.) Specifically, Defendant argues that Plaintiff's general allegations regarding memory loss and mental health issues are insufficient to toll the statute of limitations, as tolling only applies for

4

legal incapacity at the time of accrual rather than at some point after. *Id.* (citing Cal. Civ. Proc. Code § 352(a).)  As a result, Defendant contends that Plaintiff has failed to allege facts to suggest that he was legally incapacitated. (Def.'s Mot. at 8.)

In opposition, Plaintiff argus that he did not remember many of the details of these incidents until November and December 2025 due to memory loss, but "[n]ow I remember almost everything." (Pl.'s Opp'n at 2.)

In general, equitable tolling exists "to relieve hardships which, from time to time, arise from a hard and fast adherence to more absolute legal rules, which, if strictly applied, threaten the evils of archaic rigidity." *Wong v. Beebe*, 732 F.3d 1030, 1052 (9th Cir. 2013) (internal quotation omitted).  It is only available in "extreme cases," and "has been applied sparingly." *Scholar v. Pac. Bell*, 963 F.2d 264, 267 (9th Cir. 1992).  The party invoking "equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Wong*, 732 F.3d at 1052 (internal quotation omitted).  The first element "requires the effort that a reasonable person might be expected to deliver under his or her particular circumstances.  Central to the analysis is whether the plaintiff was without any fault in pursuing his claim." *Id.* (internal quotation omitted).  As to the second element, the party "must show that extraordinary circumstances were the cause of his untimeliness and . . . made it impossible to file the document on time." *Id.* (internal quotation omitted).  Thus, equitable tolling is generally granted "when litigants are unable to file timely documents as a result of external circumstances beyond their direct control." *Id.* (internal quotation omitted).

The Ninth Circuit has found that mental incompetence can toll a statute of limitations when it "precludes a person from asserting his rights during the proper time period." *Brockamp v. United States*, 67 F.3d 260, 263 (9th Cir. 1995), *rev'd on other grounds by United States v. Brockamp*, 519 U.S. 347 (1996); *see also Garcia v. Brockway*, 526 F.3d 456, 465 n.9 (9th Cir. 2008) (citing *Brockamp* for the proposition that "equitable tolling may be appropriate . . . if a medical condition prevented a plaintiff from filing suit").  To establish equitable tolling, the plaintiff must establish that the "mental impairment was an 'extraordinary circumstance' beyond

5

United States District Court
Northern District of California

his control by demonstrating the impairment was so severe that either (a) plaintiff was unable rationally or factually to personally understand the need to timely file, or (b) plaintiff's mental state rendered him unable personally to prepare a complaint and effectuate its filing." *Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1010 (9th Cir. 2011).[4]

In determining whether mental impairment is an extraordinary circumstance, courts in this circuit have found that "[t]he threshold for incapacitation . . . requires a showing that the plaintiff 'was completely psychiatrically disabled during the relevant limitation period.'" *Lacayo*, 2015 WL 993448, at *11 (quoting *Stoll v. Runyon*, 165 F.3d 1238, 1242 (9th Cir. 1999)).  For example, in *Stoll*, the Ninth Circuit found that the plaintiff was entitled to equitable tolling because "[t]he effects of the repeated sexual abuse, rape, and assault she experienced left her severely impaired and unable to function in many respects," observing that the plaintiff had repeatedly attempted suicide, and was unable to read, open mail, function in society, and exercise an agency relationship with her attorney. 165 F.3d at 1242.  In *Forbess v. Franke*, the Ninth Circuit likewise found that the plaintiff was entitled to equitable tolling of his habeas petition where the plaintiff suffered severe delusions that he was an undercover FBI agent working to apprehend his ex-wife, and that the FBI had staged his conviction in an effort to lure his ex-wife out of hiding.  749 F.3d 837, 839-40.  The plaintiff also believed that the FBI had asked him to stay in prison until his ex-wife was arrested, at which time the FBI would secure his release, therefore making it unnecessary to file a habeas petition. *Id.* at 839.  The Ninth Circuit explained that "the peculiar nature of [the plaintiff's] mental illness" made it so that it was not possible for the plaintiff to "rationally understand the need to pursue federal post-conviction relief [because] if his reluctance to do so was due to his delusional belief that the FBI wanted him to lay low as bait for the cartel, then before the delusion lifted *nothing anyone might have said to him* about the need to timely file would have altered his behavior." *Id.* at 841.  In other words, "[e]ven if [the plaintiff] had

---

[4] Although stated in the disjunctive, in *Forbess v. Franke*, the Ninth Circuit stated that both prongs had to be met.  749 F.3d 837, 840 (9th Cir. 2014) ("The impairment must have been (1) so severe that the petitioner was unable personally to understand the need to timely file a habeas petition, **and** (2) made it impossible under the totality of the circumstances to meet the filing deadline despite petitioner's diligence") (emphasis added and internal quotations omitted).

United States District Court
Northern District of California

understood his legal rights completely, he would not have filed." *Id.*

In contrast, courts have not applied equitable tolling based on mental disability even where the plaintiff suffered significant mental health issues. In *Orthel v. Yates*, the Ninth Circuit declined to apply equitable tolling where the plaintiff "grappled periodically with significant mental issues during his incarceration," but had also been occasionally found to be "fully alert and oriented" with "fairly good insight and judgment regarding his illness," was described as "responsive, clear, coherent, and high functioning," and had at times been able to "participate[] productively in correspondence courses, college-level courses, and prison programming that required substantial mental competence." 795 F.3d 935, 939 (9th Cir. 2015). In *Lacayo*, the district court likewise found that equitable tolling did not apply where the plaintiff had been diagnosed with bipolar disorder, PTSD, and depression, but was still able to apply for state disability benefits and file written requests for copies of her employment file. 2015 WL 993448, at *12. Thus, the district court found that the plaintiff did not suffer "the type of utter incompetence that gives rise to incapacitation-based tolling." *Id.* Similarly, in *Elshirbing v. Hewlett Packard Co.*, the district court did not apply equitable tolling where the plaintiff asserted that she had chronic fatigue syndrome and other work injuries with incapacitating side effects, and that the defendants had suppressed and oppressed her motivation to an inferior intellectual status which impacted her emotionally and psychologically. Case No. 00-cv-4104-MMC, 2001 WL 590034, at *4. The district court found that there no showing that these "asserted medical problems significantly impaired her ability to function or to communicate," or from obtaining the information she needed. *Id.* at *5.

Here, Plaintiff fails to explain how his memory loss and mental health issues prevented him from filing the instant lawsuit for 15 years. Additionally, Plaintiff does not allege that he had no recollection of the July 4, 2007 incident itself during this time period. Rather, he claims that he only now remembers more specific facts and who was involved. (*See* Pl.'s Opp'n at 1-2.) This is not the degree of complete psychiatric disability and utter incompetency required for equitable tolling.

Additionally, to the extent that Plaintiff claims that "Covid-19 shut down fears" prevented

United States District Court
Northern District of California

him from filing sooner, the statute of limitations presumably ran in 2009, so the pandemic occurring 11 years later cannot toll an already-expired limitations period. (*See* SAC at p. 7.)

Accordingly, Plaintiff cannot plausibly allege equitable tolling for the intervening 15 years between the incident and the filing of the initial complaint.

### ii.    Discovery Rule

While Plaintiff does not raise the discovery rule in opposition, the Court will address it, because Plaintiff appears to invoke it in the second amended complaint. (*See* SAC at p. 7.)  Under state law, "[g]enerally speaking, a cause of action accrues at the time when the cause of action is complete with all of its elements." *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 806, 27 Cal.Rptr.3d 661, 110 P.3d 914 (2005) (cleaned up).  The discovery rule is an exception to the accrual rule and postpones "accrual of a cause of action until the plaintiff discovers, or has reason to discover, the cause of action." *Id.* at 807.

In the second amended complaint, Plaintiff explains why he did not file the lawsuit sooner. (SAC at p.7.)  Plaintiff contends that he did not remember certain facts, and that medical investigations, testing, "undiscovered injuries" and medical confirmation of worsening injuries were the cause of the delay. *Id.*  To the extent that he is attempting to invoke the discovery rule and argue that his claims accrued later, the Court is not persuaded, because Plaintiff had "reason to at least suspect that a type of wrongdoing has injured them" at the time of the incident in 2007. *See Fox*, 35 Cal. 4th at 807.  Moreover, accrual occurs even if the plaintiff does not know a defendant's identity, because the identity is not an element of the cause of action, and presumably the plaintiff will have an opportunity to discover the defendant's identity during the course of litigation. *Id.* (citing *Norgart v. Upjohn Co.*, 21 Cal. 4th 383, 399 (1999)).  This is why we have doe defendants. *See ids.*  In sum, "[t]he discovery rule only delays accrual until the plaintiff has, or should have, **inquiry notice** of the cause of action." *Fox,* 35 Cal. 4th at 807 (emphasis added).  Here, Plaintiff does not allege that he was unaware of the 2007 incident giving rise to his claims, so the discovery rule would not apply.

Accordingly, Plaintiff cannot plausibly allege that he was pursuing his rights diligently rendering the claims time-barred.

United States District Court
Northern District of California

### B.    Thirteenth Amendment Claim

Next, Defendant argues that the Thirteenth Amendment claim is independently unviable. (Def.'s Mot. at 9.)  The Thirteenth Amendment prohibits slavery and involuntary servitude. U.S. Const. amend. XIII, § 1. To successfully state a claim, a plaintiff must allege that he was compelled or otherwise "forced to work for the defendant by the use or threat of physical restraint or physical injury, or by the use or threat of coercion through law or the legal process." *United States v. Kozminski*, 487 U.S. 931, 952 (1988).  Generally, courts have limited the Amendment to circumstances involving compelled labor. *Id.*

Here, Plaintiff's Statement of Facts allege that, "[he] was arrested and enslaved," and "Treated like a slave. Unlawful detention by SFPD. White male SFPD officer (no records)." (SAC at p. 4:18, 20.)  Plaintiff's allegations, if accepted as true, would amount to police misconduct, which is addressable through the Fourth and Fourteenth Amendments.  Plaintiff does not allege conduct that would tend to show that he was enslaved. For example, Plaintiff does not describe the work he was forced to do or how he was forced to do it.  Instead, his conclusory allegations that he was "enslaved" and "treated like a slave" better describe how he felt about the treatment, rather than constituting a violation of the Thirteenth Amendment.

In opposition, Plaintiff provided more facts pertaining to his allegations. (Pl.'s Opp'n at 1-2.)  Therein, he alleged that he was drugged and kidnapped while doing confidential informant ("CI") work for the San Francisco Police Department. (Pl.'s Opp'n at 1-2.)  He claims to have been cuffed to a bench at the Tenderloin Police Station, where he was "sexually attacked." *Id.* at 1.

In reply, Defendant argues that this claim is both time-barred and that the claim fails because the Thirteenth Amendment only applies to compelled labor and involuntary servitude. (Def.'s Reply at 4.)  The Court agrees with both arguments.  While the facts alleged in the operative complaint and in Plaintiff's later submissions are horrifying, he is attempting to frame a police misconduct claim as a Thirteenth Amendment claim, which it is not.  Moreover, as discussed above, the claim is separately time-barred, because the statute of limitations for claims brought under Section 1983 is two years. *See* discussion, *supra,* Part III.A.

Accordingly, the Court finds that the Thirteenth Amendment claim is barred by the

applicable statute of limitations. Additionally, this claim is subject to dismissal for failure to state a claim for enslavement. Thus, the motion must be granted as to this cause of action.

### IV.   CONCLUSION

For the reasons set forth above, the Court GRANTS Defendant City and County of San Francisco's motion for judgment on the pleadings without leave to amend because the case is barred by the statute of limitations rendering any amendment futile.

The Court will issue judgment separately in Defendant's favor.

IT IS SO ORDERED.

Dated: June 5, 2026

_____
KANDIS A. WESTMORE
United States Magistrate Judge

United States District Court
Northern District of California